UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

COREY A. MCDOWELL BEY,

    Plaintiff,

v.                                                  Case No. 3:15cv387/RV/CJK

KERNAL KOLODEZJI, et al.,

    Defendants.
_____/

## REPORT AND RECOMMENDATION

Plaintiff, a prisoner proceeding *pro se*, has filed an amended complaint under 42 U.S.C. § 1983 (doc. 18) and several motions to proceed *in forma pauperis* (docs. 12, 13, 19, 20). Upon review of plaintiff's complaint and prior litigation history, the court has discovered that plaintiff is a "three-striker" and that this action should be dismissed without prejudice pursuant to 28 U.S.C. § 1915(g).

According to 28 U.S.C. § 1915(g), a provision of the *in forma pauperis* statute,

> [i]n no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was

> dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

A prisoner who is no longer entitled to proceed *in forma pauperis* must pay the filing fee at the time he initiates his lawsuit, and his failure to do so warrants dismissal of his case without prejudice. *Dupree v. Palmer*, 284 F.3d 1234, 1236 (11th Cir. 2002) (holding that "the proper procedure is for the district court to dismiss the complaint without prejudice when it denies the prisoner leave to proceed *in forma pauperis* pursuant to the provisions of § 1915(g)" because the prisoner "must pay the filing fee at the time he initiates the suit"); *Vanderberg v. Donaldson*, 259 F.3d 1321, 1324 (11th Cir. 2001) (stating that after three meritless suits, a prisoner must pay the full filing fee at the time he *initiates* suit). The only exception is if the prisoner alleges he is "under imminent danger of serious physical injury." 28 U.S.C. § 1915(g); *Brown v. Johnson*, 387 F.3d 1344 (11th Cir. 2004).

Plaintiff is subject to the three-strikes bar of § 1915(g), having had three or more prior civil actions or appeals dismissed on the grounds that they were frivolous, malicious, or failed to state a claim upon which relief may be granted. The undersigned takes judicial notice of *McDowell Bey v. Sec'y Dep't of Corr.*, Case Number 5:13-cv-68-SPM-EMT, filed in the Panama City Division of this court. In

a Report and Recommendation (doc. 3) entered in that case, the magistrate judge noted that plaintiff is a three-striker, having had three or more federal court cases dismissed on the grounds that they were frivolous, malicious, or failed to state a claim upon which relief could be granted: (1) *McDowell v. Hillsborough Cty. Fla. Officials*, Case No. 8:10cv1797-T-30TBM (filed in the Middle District of Florida and dismissed pursuant to 28 U.S.C. § 1915A for failure to state a claim upon which relief may be granted);[1] (2) *McDowell Bey v. Gilman*, Case No. 8:12cv1049-T-30TGW (filed in the Middle District of Florida and dismissed pursuant to 28 U.S.C. § 1915A for failure to state a claim upon which relief may be granted); and (3) *McDowell Bey (Inmate #O-T60780) v. Blair*, Case No. 4:11cv22-RH-CAS (filed in this district and dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B) for failure to exhaust administrative remedies).[2] The Report and Recommendation was adopted by the district judge (doc. 6), and the matter was dismissed pursuant to 28 U.S.C. § 1915(g). Accordingly, plaintiff may not litigate this case *in forma pauperis* unless he demonstrates that he is "under imminent danger of serious physical injury." 28 U.S.C. § 1915(g), *Brown,*

---

[1] Although plaintiff has filed cases under the name "Corey A. McDowell Bey," his name is reflected in the Florida Department of Corrections records as "Corey A. McDowell." http://www.dc.state.fl.us/AppCommon/searchall.asp?Action=Find&SexOffOnly.

[2] By its terms, 28 U.S.C. § 1915(g) does not differentiate between dismissal pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b).

Case No. 3:15cv387/RV/CJK

*supra*. Although he alleges a campaign by defendants and others to barrage him with racially offensive and threatening language, the allegations do not come close to the requirement of imminent danger of serious physical injury. Because he did not pay the filing fee at the time he initiated this action, and because it plainly appears he is not entitled to proceed *in forma pauperis*, this case should be dismissed under 28 U.S.C. § 1915(g).

Accordingly, it is respectfully RECOMMENDED:

1.  That this action be DISMISSED WITHOUT PREJUDICE under 28 U.S.C. § 1915(g).

2.  That all pending motions be denied as moot.

3.  That the clerk be directed to close the file.

At Pensacola, Florida this 14th day of June, 2016.

/s/ *Charles J. Kahn, Jr.*
**CHARLES J. KAHN, JR.**
**UNITED STATES MAGISTRATE JUDGE**

Case No. 3:15cv387/RV/CJK

### NOTICE TO THE PARTIES

Objections to these proposed findings and recommendations may be filed within fourteen (14) days after being served a copy thereof.  <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u>  A copy of objections shall be served upon the magistrate judge and all other parties.  A party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions.  *See* U.S.Ct. of App. 11th Cir. Rule 3-1; 28 U.S.C. § 636.

Case No. 3:15cv387/RV/CJK